E. A. YOST, Ex'r, v. JAMES L. GAINES, Comptroller.

PLEADINGS AND PRACTICE. *Mandamus. Teachers of common schools.* A teacher of common schools cannot bring a suit in the name of a county for his use against the Comptroller. The Comptroller apportions the funds for common schools among the counties and the county authorities pay it out according to prescribed regulations. If the Comptroller fails to apportion it as required by law, the teacher cannot, by *mandamus,* compel him to do so.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.   FRANK T. REID, J.

DEMOSS & MALONE and J. A. CAMPBELL for Yost.

ATTORNEY-GENERAL LEA for Gaines.

FREEMAN, J., delivered the opinion of the court.

This is a petition for a *mandamus* filed by E. A. Yost, a citizen of Kentucky, who brings this petition in the name of William Ellis, County Trustee of Roane county, for his use as the executor of E. W. Yost, deceased, and his own use, and for the use of all the counties and persons entitled or having legal rights in the matters set forth in the petition.

The facts stated on which complainant's claim rests are substantially as follows:   That his testator, before his death, became the owner by purchase and assignment of several school warrants, or orders for money

payable to certain school teachers under the existing laws of Tennessee. These warrants are dated, two of them, in 1870, the others in 1869, and amount to something over $1,100.

It is averred that certain school teachers taught school in Roane county under contracts made with the proper authorities of said county, and the proper school officials had given each a warrant or order on the superintendent of public instruction for Roane county for the amount agreed to be paid. The names of these teachers are not given, but only the amount and date of the specified warrants—seven in number—which are the warrants made the basis of this suit.

It is then claimed, there had been collected from taxes, as shown by reports of Comptrollers and not apportioned, the sum at one time of $150,000, most of which was in Tennessee money, and burned under a law of the State. This sum is charged to be in the hands of the Treasurer of the State, and complainant's theory is, that he has the right, as owner of these school warrants, to have *mandamus* to compel the Comptroller to apportion this sum among the counties of this State. Such is the contention in the argument, but the prayer of the petition is, first, for an apportionment of the amount due Roane county as well as the other counties; and that the amount due Roane county, or a sufficiency thereof, be paid by the Comptroller to satisfy his debt. This is substantially complainant's case.

To this petition a demurrer was filed by defendant, presenting among other grounds the proposition that

37—VOL. 10.

complainant Yost had no right to prosecute said suit, but that the Trustee of Roane county was by law the only person to whom the Comptroller could issue "his separate warrant" for the amount of school money belonging to said county.

We need but look at the statement given in this opinion of the character of this suit to see, that it is a suit in the name of the County Trustee of Roane county for the use of E. A. Yost, the Trustee being but the nominal complainant, Yost the real party, to compel the Comptroller to issue his warrant—after an apportionment of the amount due Roane county—to pay complainant Yost's claims. That is, complainant claims he is owner by assignment, of certain warrants given by the county superintendent of Roane, payable out of the treasury of said county, has the right to compel the Comptroller of the State, by suit in the name of the County Trustee, to pay him the amount of his warrants.

We have not been shown by the learned counsel nor have we been able to find any law of Tennessee authorizing such a suit. The Comptroller, by all our regulations on the subject, after apportioning the fund collected for school purposes among the counties according to scholastic population, is required to issue his warrant for the sum so ascertained to the County Trustee. When this fund is so received by the Trustee, it is paid out according to certain prescribed regulations found in our statutes.

There is not and never has been a law in our State by which the teacher was entitled to be paid

directly out of the treasury, nor to sue for or re-cover his claim for services against the Comptroller. It would be a policy fraught with evil both to the State and to the teacher, to require this to be done. The Comptroller has no knowledge of the contracts made by the county officers, and would be greatly burdened if he had to pay all the salaries of the thousands of teachers in the common schools of the State. The teachers would be greatly inconvenienced if they had to come from every county and school district of the State to receive their pay for services out of the treasury of the State. No such policy has ever been adopted—but a far better one—that is, leaving this matter to the local administration of the county officials, where both parties reside. What might be the rights of the County Trustee of Roane county we need not decide, had he brought suit to compel the apportionment of a fund in the treasury, which the Comptroller had neglected to apportion, however it would hardly be that he could compel the payment of taxes in other money, when the taxes had been by law received in Tennessee money, which was directed to be burned by law. Be this as it may, he has not in this case, and we need not discuss or decide upon what would be his rights in such a case.

We think it clear that the teachers of the common schools of the State have no right to bring such a suit as this, and this being settled, their assignee could have no higher right.

The abstract equities of this case are matters with which we have nothing to do. The legal right of the

party to sue being the only matter we are called on to decide. The result is, the petition of complainant is dismissed with costs.